UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Merchants Automotive Group, LLC

    v.                                                          Case No. 23-cv-270-SE
                                                           Opinion No. 2025 DNH 110

Remsund Group, Inc. and
Deborah Cree

**O R D E R**

        In 2021, Merchants Automotive Group, LLC[1] entered into two lease agreements with Remsund Group, Inc., under which Merchants leased fleet vehicles to Remsund in exchange for payment. Deborah Cree, Remsund's Managing Member, guaranteed Remsund's obligations under one of the agreements. Merchants alleges that Remsund breached both agreements in several ways, including by failing to remit monthly rental payments and maintain each vehicle in safe condition. Merchants further alleges that Cree failed to satisfy Remsund's obligations under the relevant agreement. The defendants deny liability and bring counterclaims for breach of contract and setoff/recoupment. Merchants now moves for summary judgment on its claims and the defendants' counterclaims. For the reasons that follow, giving the defendants every reasonable inference, the court determines that material issues of fact are in genuine dispute and denies the plaintiff's summary judgment motion.

---

[1] The defendants dispute whether Merchants Automotive Group, LLC is a party to any of the agreements or whether other related entities are parties instead. The court need not decide that issue at this time.

Standard of Review

Granting summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. In considering the evidence, the court must draw all reasonable inferences in the nonmoving party's favor. Theriault v. Genesis HealthCare LLC, 890 F.3d 342, 348 (1st Cir. 2018). The court may consider materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

Background

Merchants is a fleet management company that provides leasing and fleet management services to commercial clients. On May 26, 2021, Merchants and Remsund entered into a one-year agreement (short-term agreement) in which Merchants agreed to lease certain vehicles to Remsund in exchange for payment. On August 25, 2021, Merchants and Remsund entered into a second agreement (long-term agreement) in which Merchants agreed to lease additional vehicles to Remsund for payment. The long-term agreement did not have a fixed duration. Remsund leased 12 vehicles under that agreement.

Under both agreements, Remsund agreed to take certain actions with regard to the leased vehicles. For example, Remsund agreed to maintain insurance for all of the vehicles and to repair them and keep them in good mechanical condition. Remsund also had the opportunity to inspect

each vehicle prior to acceptance. The long-term agreement stated that Merchants made "no representation or warranty of any kind, express or implied, with respect to a) any vehicle including, but not limited to the merchantability or fitness for a particular purpose of a vehicle[, or] the design, quality or capacity of a vehicle." Doc. no. 1-2 at 2.

In December 2021, Merchants and Remsund entered into a "Mobility Rate Schedule" agreement (rate schedule). Doc. no. 27-2. The rate schedule provided that Merchants would lease vehicles to Remsund and that Merchants would "be responsible for all routine maintenance" and "general maintenance." Id. at 3. According to Cree's declaration, the rate schedule superseded the short-term agreement, doc. no. 27-4 at 4-7, and "supplemented or superseded" the long-term agreement, id. at 8-13.[2]

In January 2022, Remsund stopped making payments due under both the short-term agreement and the long-term agreement. In communications over the next several months, Remsund expressed dissatisfaction with the quality of the vehicles that Merchants provided and disputed Merchants' bills. The parties never resolved their dispute and Remsund remitted no further payments. Cree also made no payments on Remsund's behalf. This action followed.

---

[2] Cree's statements are not in the "Declaration of Deborah Cree," doc. no. 27-1, but rather in the defendants' "response to Merchant Automotive Group, LLC's statement of undisputed facts," doc. no. 27-4. Cree verifies in that response that the facts stated therein are based on her personal knowledge and on Remsund's business records, and she signed the document under the penalty of perjury. Doc. no. 27-4 at 20. As such, it is competent evidence that the court considers at the summary judgment stage. Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Intern., Inc., 982 F.2d 686, 689 (1st Cir. 1993) ("[A]n unsworn statement signed under penalty of perjury may be used, in lieu of a sworn statement or affidavit, to support or oppose a motion for summary judgment."). For ease of reference, the court will refer to the document as "Cree's Second Declaration."

Discussion

In support of its argument that it is entitled to summary judgment on its own two claims and the defendants' counterclaims, Merchants points to the following undisputed facts. The short-term agreement and long-term agreement are valid contracts under New Hampshire law. Remsund agreed to make payments under both agreements in exchange for vehicles that it leased from Merchants. Merchants provided the necessary vehicles. Remsund stopped making the required payments in January 2022. Cree did not satisfy Remsund's obligations under the long-term agreement after Remsund stopped making payments as she was required to do pursuant to the guaranty.

In response, the defendants point to several pieces of evidence that they argue preclude summary judgment. They note that the parties entered into the rate schedule in December 2021, which according to Cree's Second Declaration superseded the short-term agreement and supplemented or superseded the long-term agreement. The short-term agreement provides that the agreement includes any rate schedules and that to "the extent the terms of a RATE SCHEDULE conflict with the terms herein the RATE SCHEDULE shall control." Doc. no. 1-1 at 9. The rate schedule provides that Merchants is responsible for maintenance on the leased vehicles. The defendants also point to Cree's sworn statements disputing Merchants' billing because of its failure to provide maintenance on the vehicles, doc. no. 27-1, and the months-long email correspondence between Remsund and Merchants documenting those disputes, doc. no. 27-3. Finally, they point to Cree's statements that Merchants had abandoned the contracts and waived any amount owed due to the issues Remsund experienced with the vehicles. Doc. no. 27-4 at 18.

Merchants did not file a reply to the defendants' objection. Considering the evidence that the defendants offered and giving them every reasonable inference, there are disputes of material fact as to whether Remsund breached the short-term and long-term agreements given Merchants' alleged prior material breaches of the rate schedule, and thus whether Cree owed any obligations under the guaranty, and whether Merchants is liable for the defendants' counterclaims. Moreover, there are genuine disputes as to the amount owed even if Merchants were able to prove that the defendants were liable for breaching the agreements and the guaranty. Therefore, summary judgment is inappropriate, and the court denies Merchants' motion.[3]

Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (doc. no. 25) is denied.

SO ORDERED

_____
Samantha D. Elliott
United States District Judge

September 15, 2025
cc: Counsel of Record.

---

[3] The court recognizes that there are several weaknesses in the defendants' arguments, most notably that the rate schedule appears to address only a limited number of vehicles and that the defendants' counterclaim for breach of contract is based on Merchants' purported breach of the short-term and long-term agreements, not the rate schedule. Nevertheless, in light of the statements in Cree's Second Declaration that the rate schedule superseded the short-term agreement and supplemented or superseded the long-term agreement, and because Merchants did not file a reply disputing those statements, the court must conclude that there are genuine disputes of material fact. See, e.g., Alberg v. Foss Motors, Inc., No. 17-CV-79-AJ, 2018 WL 6303824, at *1 n.1 (D.N.H. Nov. 27, 2018) (crediting party's sworn testimony at summary judgment stage even though it conflicted with much of the other evidence in the record because the court must avoid "weight and credibility judgments" at the summary-judgment stage).